DANIEL C. SPRUANCE *vs.* JOHN G. GRAY.

JUDGMENT—DEFAULT JUDGMENT—NECESSITY OF AFFIDAVIT OF DEFENSE— "INSTRUMENT OF WRITING FOR THE PAYMENT OF MONEY."

*Rev. Code* 1915, § 4169, provides that, in all actions on instruments of writing for the payment of money, judgment by default shall be entered on motion on the last day of the regular term to which the original process is returnable, notwithstanding defendant's appearance, unless defendant shall have previously filed an affidavit setting forth that he verily believes there is a legal defense to the whole or part of the cause of action, and setting forth the nature and character thereof. *Held* that, where plaintiff advanced money to defendant by means of a check, the check was not an "instrument of writing for the payment of money" by defendant to plaintiff, within the statute, and, in an action on the check, plaintiff was not entitled to a default judgment, though no affidavit of defense was filed.

(*November 20, 1917.*)

Judges BOYCE and RICE sitting.
*Horace G. Eastburn* for plaintiff.
*Hugh M. Morris* for defendant.
Superior Court, New Castle County, November Term, 1917.

ASSUMPSIT, No. 58, November Term, 1917.

Action by Daniel C. Spruance against John G. Gray to recover for money advanced by means of a certain check. On motion for judgment. Motion denied.

Plaintiff filed an affidavit of demand with copy of cause of action annexed, and moved for judgment at the first term, under *Rev. Code* 1915, §4169. Defendant moved that judgment be refused notwithstanding no affidavit of defense had been filed.

Daniel C. Spruance in his affidavit of demand deposeth and saith:

"That he is the plaintiff in the above stated action, that annexed hereto is a true and correct copy of the check sued upon in this action; that the sum demanded of the said defendant is the sum of twenty-five hundred dollars, with lawful interest on the sum of twenty-five hundred dollars, being the amount due on said check, from the third day of March, 1917, and that he verily believes that the same is justly and truly due from the said defendant to the said plaintiff."

The copy of the check annexed to the affidavit was:

"No. 163.                                    New York, March 3d, 1917.
    "The Market and Fulton National Bank: Pay to the order of John G. Gray twenty-five hundred no–100 dollars.
    "$2500.                              [Signed]  Daniel C. Spruance."

It bore copies of certain indorsements on the check indicating that the check had been paid to John G. Gray.

Counsel for the defendant resisted the motion for judgment for plaintiff on the ground that the check sued upon was not an instrument of writing under the statute for the payment of money by the defendant to the plaintiff, and relied on *Green v. Wilmington Trust Co.*, 2 *Boyce*, 585, 83 *Atl.* 935; *Swayne v. Remley*, 1 *Pennewill*, 1, 139 *Atl.* 453; *Woolley's Del. Prac.* §264.

BOYCE, J., delivering the opinion of the court:

The check sued on in this action is not an instrument of writing for the payment of money by the defendant to the plaintiff, within the purview of *Section* 4169, *Rev. Code* 1915.

The motion for judgment for plaintiff is denied.